UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOLAN HALL,

        Petitioner,

                                                  CASE NO. 1:07-CV-239

v.

                                                  HON. ROBERT J. JONKER

THOMAS K. BELL,

       Respondent.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 36) and Petitioner's objection to it (docket # 44). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review, the Court concludes that Petitioner Nolan Hall's petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be denied.

**Background**

Following a trial in 2003, the jury convicted Mr. Hall of second-degree murder under Mich. Comp. Laws 750.317. He was sentenced as a fourth habitual offender to forty to sixty years' imprisonment. Mr. Hall, with counsel, raised six issues on direct appeal and a seventh through a supplemental brief. The Michigan Court of Appeals affirmed the conviction, but it remanded for resentencing because Mr. Hall was not properly convicted of the habitual fourth offender charge. On remand, the trial court resentenced Mr. Hall to thirty-two to fifty years' imprisonment.

Through counsel, Mr. Hall then raised four issues in his application for leave to appeal to the Supreme Court of Michigan: (1) the government violated due process by bringing him to trial twenty-one years after the offense was committed, which deprived him of evidence in his defense; (2) he was denied a fair trial because the trial court denied his motion for mistrial after the prosecutor argued in closing that Mr. Hall's prior arrest on a gun charge was relevant to his credibility; (3) he was denied the right to present a defense because the trial court excluded hearsay statements, made by a deceased cab driver, that were critical to his defense; and (4) he was denied effective assistance of counsel because his counsel failed to interview and call to trial defense witnesses. The Supreme Court denied his request for leave to appeal.

Mr. Hall now has filed a petition seeking habeas relief under section 2254 on the four issues discussed in his original appeal.

**Discussion**

Mr. Hall seeks relief under section 2254, which provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or

treaties of the United States." 28 U.S.C. § 2254. Before a petitioner may seek federal relief under section 2254, he must exhaust his claims by fairly presenting them to all available state courts. *See* 28 U.S.C. § 2254(b)(1)(A). Here, Mr. Hall properly exhausted his claims.

Where the state court has adjudicated the petitioner's claims on the merits, the federal court's section 2254 review is limited by the Antiterrorism and Effective Death Penalty Act of 1996. AEDPA prevents federal courts from retrying state cases and "ensure[s] that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). Under AEDPA, an application for writ of habeas corpus cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Instead, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. Additionally, AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Report and Recommendation recommends that Mr. Hall's section 2254 petition be denied without an evidentiary hearing. It concludes that the Court of Appeals decided each of Mr. Hall's contentions on the merits, and none of the Court of Appeals' conclusions were contrary to clearly established federal law, an unreasonable application of clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Mr. Hall objects to the Report and Recommendation on exactly the same grounds that he presented to the Magistrate Judge.

Mr. Hall first objects that the delay between his offense and his indictment denied him due process. As discussed by the Magistrate Judge, this contention is without merit. The Michigan Court of Appeals concluded that Mr. Hall failed to identify the prejudice to him that resulted from the delay. It further concluded that, even if he was prejudiced by the delay, the prosecution had delayed in bringing the case in order to properly investigate the crime, not to gain a tactical advantage. Under federal law, a pre-arrest delay violates due process only if the defendant demonstrates actual prejudice and the prosecutor delayed in order to gain a tactical advantage. *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992). These Court of Appeals' holdings are not contrary to clearly established federal law, not an unreasonable application of clearly established federal law, and not based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See id.*; *United States v. Avila*, 410 F. Supp. 2d 626, 627 (W.D. Mich. 2005). Accordingly, they cannot provide a basis for habeas relief. *See* 28 U.S.C. § 2254.

Mr. Hall second objects that he should have been granted a mistrial as a result of the prosecutor's comments during closing arguments about his prior arrest. As the Magistrate Judge

4

noted, habeas review is limited to deciding whether a conviction violated the Constitution or the laws or treaties of the United States; it cannot be based upon a petitioner's mere disagreement with a state appellate court's construction of state law. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Israfil v. Russel*, 276 F.3d 768, 771 (6th Cir. 2001). The only issue related to this objection that is cognizable on habeas is whether the prosecutor's comments about Mr. Hall's lack of credibility, in the context of the entire trial, were so improper as to violate due process. *See Bates v. Bell*, 402 F.3d 635, 641 (6th Cir. 2005). As the Magistrate Judge concluded, they were not. *See id.* The Court of Appeals reached the same conclusion, and its holding cannot provide a basis for habeas relief. *See* 28 U.S.C. § 2254.

Mr. Hall third objects that his constitutional right to present a defense was violated when the trial court refused to admit certain hearsay evidence. The Court of Appeals concluded that, under Michigan law, the statement was inadmissible hearsay that was properly excluded. As discussed above, habeas review is limited to deciding whether a conviction violated the Constitution or the laws or treaties of the United States; it cannot be based upon a petitioner's mere disagreement with a state appellate court's construction of state law. *See Pulley*, 465 U.S. at 41; *Israfil*, 276 F.3d at 771. Federal courts are reluctant to transform a state evidentiary decision into a constitutional claim. *See Fleming v. Metrish*, 556 F.3d 520, 534 (6th Cir. 2009). As the Magistrate Judge properly concluded, the state court's evidentiary ruling was not so egregious as to deny Mr. Hall a fundamentally fair trial, so it is not cognizable on habeas review. *See id.*

Mr. Hall's last objection is that he was denied constitutionally effective counsel by his counsel's failure to interview and call at trial certain potential defense witnesses. The Court of Appeals concluded that Mr. Hall failed to meet his heavy burden of proving that his counsel was

ineffective and that his counsel's error actually affected the outcome of his trial. *See United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Indeed, Mr. Hall failed to provide any detail as to the testimony the alleged witnesses might have provided, and he offered no basis on which the court could conclude that counsel had been manifestly deficient or acting on the basis of anything other than sound trial strategy. *See id.* Accordingly, the Court of Appeals' holding is not contrary to clearly established federal law, not an unreasonable application of clearly established federal law, and not based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See id.* It therefore cannot provide a basis for federal habeas relief. *See* 28 U.S.C. § 2254.

**Certificate of Appealability**

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. Fed. R. App. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Reasonable jurists could not

debate the outcome of Petitioner's claim, and therefore Petitioner should not be allowed to proceed further. *See id.*

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed January 19, 2010, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus under section 2254 is **DENIED.**

2. A certificate of appealability is **DENIED**


Dated:  March 11, 2010          /s/ Robert J. Jonker
                                ROBERT J. JONKER
                                UNITED STATES DISTRICT JUDGE